1  BRETT D. SZMANDA (SBN 288688)
   SZMANDA LAW GROUP, P.C.
2  18377 Beach Blvd., Ste. 211
   Huntington Beach, California 92648
3  brett@szmandalaw.com
   Telephone: (714) 369-6861
4  Facsimile:  (360) 851-7730
   brett@szmandalaw.com
5
6  Attorney for Plaintiff Lam Dang and Class Members

7             IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                  SAN FRANCISCO DIVISION

10

11  LAM DANG, on behalf of himself and all        Case No.
    others similarly situated,
12                                                **CLASS ACTION**
              Plaintiff,
13                                                **COMPLAINT FOR DAMAGES FOR UNPAID
    vs.                                           WAGES, PENALTIES, RESTITUTION,
14                                                INJUNCTIVE RELIEF AND OTHER EQUITABLE
    ALLEGIS GROUP, INC., a corporation;           RELIEF**
15  AEROTEK, INC., a corporation; and
    DOES 1-10,                                    (1) Violation of California *Labor Code* §§ 1194(a) and
16                                                1198 (Failure to Pay Minimum Wages);
              Defendants
17
                                                  (2) Violation of California *Labor Code*
18                                                § 226(a) (Improper Wage Statements);

19                                                (3) Violation of California *Labor Code* §§ 201-203
20                                                (Waiting Time Penalties);

21                                                (4) Violation of California *Labor Code* §§ 222 and 223
22                                                (Unlawful Paying of a Lower Wage); and

23                                                (5)  Violation of California *Business & Professions Code* §
                                                  17200, *et seq.* (Unfair Competition).
24
                                                  **[Demand for Jury Trial]**
25

26

27

28

Plaintiff Lam Dang (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.      This is a civil action seeking recovery for Defendant Allegis Group, Inc.'s (hereinafter "Allegis") and Defendant Aerotek, Inc.'s (hereinafter "Aerotek") violations of provisions of the California Labor Code ("Labor Code"); California Business and Professions Code ("B&PC"); the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the " IWC Wage Orders") and related common law principles.

2.      Plaintiff's action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

3.      The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the Complaint herein, up to and through the time of trial for this matter.

## JURISDICTION AND VENUE

4.      This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5.      The District Court of California has Jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C.§ 1332(d), because, on information and belief, Plaintiff and Defendants are citizens of different states and the total amount in controversy exceeds $5,000,000.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) and (b) because, upon information and belief, Defendants transact business in San Francisco County, and a substantial portion of the harm caused by Defendants took place in San Francisco County.

## THE PARTIES

**The Plaintiff**

7.      At all times herein mentioned, Plaintiff and the Class Members were residents of the State of California.

**8.**     Plaintiff was a joint employee of Defendants Allegis and Aerotek during the proposed Class Period and is entitled to unpaid wages and penalties as described herein.

**9.**     All of the Class Members are identifiable persons who are or were employed in the State of California by Defendant Allegis during the relevant Class Period of up to four years prior to the filing of the initial complaint in this action through the date of trial.

**The Defendants**

**10.**     Defendant Allegis, on information and belief, is a corporation organized under the laws of Maryland and maintains its principal place of business at 7301 Parkway Drive, Hanover, Maryland, 21076.

**12.**     Defendant Aerotek, on information and belief, is a corporation organized under the laws of Maryland and maintains its principal place of business at 7301 Parkway Drive, Hanover, Maryland, 21076.

**13.**     Defendant Allegis is one of the largest temporary employment agencies in the world that, at all relevant times herein mentioned, managed and continues to manage its vast number of employees through its operating companies, each specializing in meeting the service needs of its clients in a wide range of industries which include: Defendant Aerotek, TEKsystems, Allegis Global Solutions, Aston Carter, Major, Lindsey & Africa, Allegis Partners, MarketSource, and EASi (hereinafter "Operating Companies").

**14.**     At all relevant times herein mentioned, Defendant Aerotek was and continues to be one of Defendant Allegis's Operating Companies that specializes in providing global technical, professional, and industrial recruiting and staffing.

**15.**     During all, or a portion, of the Class Period, Plaintiff and each of the Class Members were jointly employed by Defendant Allegis and one or more of its Operating Companies, including Defendant Aerotek.

**16.**     Defendant Allegis, through its Operating Companies, hires Class Members on a W-2 basis, withholds taxes from Class Members wages and reports each Class Member's earnings to the IRS each year.

**17.** Throughout the relevant Class Period, Defendant Allegis exercised control over Plaintiff's and the other Class Members' wages, hours and working conditions through the implementation of its Code of Conduct and other internal policies, (hereinafter "Policies") which "apply to everyone at all levels of its organization", including but not limited to all: "officers, directors, internal employees, consultants and contract employees of Allegis Group, Inc. and all of its Operating Companies and subsidiaries worldwide."

**18.** Defendant Allegis's Policies establish uniform procedures for ensuring that its Operating Companies maintain accurate business records, including but not limited to employment records and billing, payroll and timekeeping records. Defendant Allegis does so because it relies on these books and records "in order to make sound business decisions as well as to comply with the many local, national and international laws that requires us to keep accurate and transparent records."

**19.** Defendant Allegis's Policies also govern the employment practices applicable to its employment of Plaintiff and the other Class Members, including but not limited to "Adherence to all relevant employment laws, including those related to maximum hours of daily labor, rates of pay, minimum age, privacy, and other fair working conditions."

**20.** Because of the level of control exerted over Plaintiff and the Class Members by Defendant Allegis and its Operating Companies, Plaintiff and the Class Members were jointly employed by Defendant Allegis and one or more of its Operating Companies, including Defendant Aerotek.

**21.** At all times hereinafter mentioned, Defendants were employers whose employees were and are engaged throughout the State of California and/or the various states of the United States of America.

**22.** Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-10, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

**23.** Plaintiff is informed and believes, and based thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants Allegis, Aerotek and DOES 1-10 (collectively "Defendants") each acting as the agent for the other, with legal authority to act

on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policies of Defendants.

24.     Plaintiff is informed and believes, and based thereon alleges that, at all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

25.     Plaintiff is informed and believes, and based thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## GENERAL ALLEGATIONS

26.     The Defendants are a temporary employment agency whose business is dependent upon successfully placing its employees on assignments with its clients.

27.     The interviews arranged by Defendants between its employees and its clients are essential to a successful job placement and paramount to the success of its business. Defendants must ensure that the employees selected for the interview are qualified for the position and prepared for the interview.

28.     Defendants maintain near-total control over the Class Members' engagement with the working world.  This process begins when Defendants first recruit the Class Members to become its employees.

29.     Defendants recruit its employees in the same manner as any other company. Potential employees are first screened through a robust qualification process — including resume matching and behavioral interviews for technical, business, and cultural fits, as well as detailed supervisory reference checks.  If the screening process goes well, Class Members are then required to go to one of Defendants' offices to complete its new hire employee orientation process.

30.     As a part of its employee orientation, the Defendants provide the candidate with its new hire paperwork.

31.     Defendants' new hire paperwork contains documents which outline its various policies and procedures governing its employment of the Class Members.

**32.** Defendants' new hire paperwork also contains several forms which Class Members are required to complete during their orientation, including Defendants' Form I-9 Employment Eligibility Verification and Form W-4.

**33.** Upon completion of Defendants' orientation, Plaintiff and the Class Members are considered by Defendants to be its employees, and become eligible to interview on the Defendants' behalf.

**34.** Defendants have sole discretion regarding when, where, and how to schedule the interviews. In fact, Class Members may not and cannot contact Defendants' clients regarding the interview. Defendants instruct Class Members to contact them immediately following their interviews with its clients to provide feedback on how they felt the interview went.

**35.** Before submitting the Class Member's resume to its clients, Defendants make several modifications, including removing the Class Member's contact information and replacing it with its company logo. Defendant does this in order to give the impression that Class Members are employees of Defendants.

**36.** Defendants exclusively negotiate with its clients regarding how much the client will pay for its employees, and the terms and conditions under which Defendants will provide Class Members to work at the clients' location.

**37.** Class Members are prohibited from even contacting Defendants' clients, much less negotiating their pay or other aspects of the placement.

**38.** If Defendants' clients do not want to retain Defendants' employees, Defendants have the authority to send Class Members to another client at their sole discretion.

**39.** Defendants exhibited control over Plaintiff's and the other Class Members' wages, hours, and working conditions. Defendants encouraged Plaintiff and Class Members to work on its behalf. Defendants' business model is based on Class Members interviewing for positions and being placed with Defendants' clients.

**40.** During the relevant statutory period, Defendants had a uniform policy of not compensating Class Members for the time they spent participating in these interviews on Defendants' behalf.

41.    Plaintiff completed Defendants' employee qualification screening and new hire orientation process, thus becoming an employee of Defendants, on or around April 1, 2014.

42.    Throughout his employment, Defendants scheduled Plaintiff to go on interviews with three of its then current or potential clients.

43.    The first interview Defendants scheduled Plaintiff to go on took place on April 3, 2014 with Defendants' client 3 Day Blinds.

44.    The second interview Plaintiff was scheduled to go on took place on January 20, 2015 with Defendants' client Pinnacle Claims Management.

45.    The third and final interview Plaintiff was scheduled to go on took place on April 9, 2015 with Defendants' client Best Buy.

46.    Prior to scheduling the interviews with its clients, Defendants modified Plaintiff's resume to meet each client's specific employment needs.  Defendants also removed Plaintiff's personal contact information and replaced it with its company logo before submitting it to each of its clients, so as to give the impression that Plaintiff was one of Defendants' employees.

47.    Defendants sent Plaintiff emails on the day before each of the three interviews confirming the date, time and location of each interview.  The emails also provided Plaintiff with instructions on how to prepare for the interviews and how to conduct himself during the interviews, and instructed Plaintiff to not discuss salary, raises, promotions or anything not pertinent to what he could do for the company.

48.    Defendants required Plaintiff to call immediately following each of the interviews with its clients in order to provide it with feedback as to how the interviews went.  During these calls, Plaintiff informed Defendants that he felt that the interviews had gone well.

49.    Defendant told Plaintiff that it would be giving its clients a call following each interview to obtain their feedback, and would then give Plaintiff a call back.  After obtaining feedback from its clients, Defendant contacted Plaintiff to let him know that its clients wanted him for the positions, and to inform Plaintiff of his pay rates and on what date he would be starting each of the positions.

50.    Plaintiff was never compensated for the one hour he spent interviewing with Defendants' client, 3 Day Blinds.

**51.**     Plaintiff was never compensated for the one hour he spent interviewing with Defendants' client, Pinnacle Claims Management.

**52.**     Plaintiff was never compensated for the one hour he spent interviewing with Defendants' client, Best Buy.

**53.**     Defendant continues to employ Class Members in the same or similar capacities while maintaining its uniform policy of withholding payment of wages earned while Class Members interview on the Defendants' behalf.

**54.**     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about: (1) California and federal labor and wage law; (2) employment and personnel practices; and (3) the requirements of California and federal law.

**55.**     Defendants knew or should have known that Plaintiff and the other Class Members were entitled to receive complete and accurate wage statements in accordance with California law.

**56.**     Defendants knew or should have known they had a duty to properly compensate Plaintiff and the other Class Members, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

**57.**     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had an obligation to pay guaranteed minimum wages for all hours worked by Plaintiff and the Class Members, including time spent interviewing with Defendants' then current or potential clients, but willfully, knowingly, and intentionally failed to do.

## CLASS ACTION ALLEGATIONS

**58.**      Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under Federal Rules of Civil Procedure, Rule 23.

**59.**     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

**60.**     The proposed class in this action consists of and is defined as:

All of Defendants' California-based temporary employees who conducted at least one uncompensated telephonic or in-person interview with one of Defendants' clients, during the relevant time period from four (4) years preceding the filing of the Complaint herein, up to and through the time of trial for this matter.

**61.**     Plaintiff is also seeking to certify a "Waiting Time Subclass", which consists of and is defined as:

All Class Members whose employment with Defendants was voluntarily or involuntarily terminated within the relevant time period, and to whom Defendants failed to pay all earned wages within the relevant statutory period.

**62.**     There is a well-defined community of interest in the litigation and the class is easily ascertainable:

a.  <u>Numerosity</u>:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.  <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

c.  <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each Class Member with whom he has a well-defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member.  Plaintiff's attorneys and class counsel are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action will continue to incur costs and attorneys' fees that have been, are,

and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

    d.  <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

    **e.**  <u>Public Policy Considerations</u>:  California employers frequently violate employment and labor laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  Class actions provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while still protecting their privacy.

**63.**  There are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members, including, but not limited to:

    **a.**  Whether Defendants' failure to pay at least minimum wages to Plaintiff and the other Class Members for the time they spent interviewing with Defendants' then current or potential clients was and is in violation of California wage and hour laws;

    **b.**  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California *Labor Code*, was willful;

    **c.**  Whether Defendants complied with wage reporting as required by the California *Labor Code*, including but not limited to section 226;

    **d.**  Whether Defendants' conduct was willful or reckless;

    **e.**  Whether Defendants engaged in unfair business practices in violation of California *Business & Professions Code* §§ 17200, *et seq.*; and

    **f.**  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

64.     At all times relevant herein, there were in full force and effect Orders of the Industrial Welfare Commission covering various occupations in which Defendants' employees were employed, including but not limited to IWC Order No. 4-2001 covering the "Professional, Technical, Clerical, Mechanical and Similar Occupations." The IWC Orders are codified at Title 8, California Code of Regulations, section 11010, et seq.

65.     At all times relevant herein, Defendants' employment of Plaintiff and the other Class Members was subject to the provisions of the California Labor Code and to the IWC's Wage Orders, including but not limited Wage Order 4-2001.

**FIRST CAUSE OF ACTION**
**Violation of California Labor Code § 1194(a)**
**(Failure to Pay Minimum Wages)**
**Against All Defendants and on Behalf of Plaintiff and the Class Members**

66.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 65.

67.     California Labor Code § 218 authorizes employees to sue directly for any wages or penalties due to them under the Labor Code.

68.     California Code of Regulations Title 8, §11000(2) and the IWC Wage Orders §4(A) "Every employer shall pay to each employee ... wages not less than [the applicable minimum wage] per hour for all hours worked...". "Hours worked" is defined as means the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

69.     California Labor Code § 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of the applicable minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

70.     Pursuant to Labor Code § 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

**71.**     Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

**72.**     Defendants are required under California law to pay the Class Members for all hours worked, i.e., the time during which the Class Members were subject to Defendants' control, including all the time they were suffered or permitted to work by Defendants, whether or not required to do so.

**73.**     Defendants required the Class Members to interview with Defendants' clients in order to provide Defendants' clients with temporary and permanent staffing solutions.

**74.**     The Class Members were subject to Defendants' control during the time they attended these interviews. The time that the Class Members spent interviewing with Defendants' clients is work time that must be compensated.

**75.**     Defendants required Class Members to interview with Defendants' clients without paying the Class Members for the time spent attending these interviews.

**76.**     Defendants' failure to pay Plaintiff and other Class Members the applicable minimum wages for each hour worked during the workweek constitutes a violation of California Labor Code § 1194(a).

**77.**     California Labor Code § 1194.2 provides that if an employer pays wages less than the minimum wage fixed by the order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wage unlawfully unpaid and interest thereon.

**78.**     Plaintiff and the other Class Members are entitled to recover from Defendants all unpaid wages, the statutory liquidated damages pursuant to California Labor Code § 1194.2 as well as attorney's fees, costs and interest.

**SECOND CAUSE OF ACTION**
**Violation of California *Labor Code* § 226(a)**
**(Improper Wage Statements)**
**Against All Defendants and on Behalf of Plaintiff and the Class Members**

**79.**     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 78.

**80.**     Defendants intentionally failed to provide Plaintiff and the other Class Members with complete and accurate wage statements pursuant to the requirements of California *Labor Code* § 226(a).

**81.** Defendants intentionally did not provide Plaintiff and the other Class Members wage statements that included the total number of hours they worked and all applicable hourly rates, which injured them because they were denied their legal right to receive accurate, itemized wage statements under California *Labor Code* § 226(a).

**82.** Defendants intentionally did not provide Plaintiff and the other Class Members wage statements that included the total number of hours they worked and all applicable hourly rates, which further injured them by making it more difficult to ascertain if or when certain rights under the California *Labor Code* had been violated, and, in part, prevented them from ascertaining that they were, in fact, not receiving the proper payment of their wages.

**83.** Plaintiff and the other Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California *Labor Code* § 226(a) or an aggregate penalty not exceeding four thousand dollars ($4,000), and an award of costs and reasonable attorneys' fees pursuant to California *Labor Code* § 226(e).

## THIRD CAUSE OF ACTION
### Violation of California *Labor Code* § 223
### (Failure to Pay Agreed Upon Wages)
### Against All Defendants and on Behalf of Plaintiff and the Class Members

**84.** Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 83.

**85.** California Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under the California Labor Code.

**86.** California Labor Code section 223 provides that it is unlawful for an employer to secretly pay a lower wage while purporting to pay the wage designated by contract.

**87.** During the relevant time period Plaintiff and the other Class Members contracted with Defendant to be paid an hourly wage for all time worked.

**88.** During the relevant time period, Defendant willfully failed to pay Plaintiff and the other Class Members the contracted for hourly wage for the total number of hours it took them to perform interviews on its behalf.

89.     Defendants' willful failure to pay Plaintiff and the other Class Members their wages for all hours worked, as required by California laws, violates the provision of the California Labor Code section 223, and is therefore unlawful.

90.     Pursuant to California Labor Code section 223, Plaintiff and other Class Members are entitled to recover their unpaid hourly wages and all other statutory relief available.

**FOURTH CAUSE OF ACTION**
**Violation of California *Labor Code* §§ 201, 201.3, 202 & 203**
**(Wages Not Paid Upon Termination)**
**Against All Defendants and on Behalf of Plaintiff and the Waiting Time Subclass Members**

91.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 90.

92.     At all times herein set forth, California *Labor Code* § 201 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

93.     At all times herein set forth, California *Labor Code* §§ 202(a) provided that if an employee quits his or her employment, the wages earned and unpaid at the time of discharge "become payable not later than 72 hours thereafter…"

94.     During the relevant time period, Defendant failed to pay Plaintiff and those Class Members whose employment with the Defendants was either voluntarily or involuntarily terminated their wages, earned and unpaid, in accordance with *Labor Code* §§ 201, 201.3 & 202.

95.     Defendants' failure to pay Plaintiff and those Class Members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge or voluntary termination violates California *Labor Code* §§ 201, 201.3 & 202.

96.     California *Labor Code* § 203 provides that if an employer willfully fails to pay wages owed, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

97.     Plaintiff and the other Class Members are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to California *Labor Code* § 203.

### FIFTH CAUSE OF ACTION
**Violation of California *Business & Professions Code* § 17200, *et seq.***
**(Unfair Competition)**
**Against All Defendants and on Behalf of Plaintiff and the Class Members**

98.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 97.

99.      Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other Class Members, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California *Code of Civil Procedure* § 1021.5.

100.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California *Business & Professions Code* § 17200, *et seq.*

101.     Plaintiff and the putative Class Members have been personally aggrieved by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to by the loss of money or property.

102.     Pursuant to California *Business & Professions Code* § 17200, *et seq.*, Plaintiff and the putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California *Code of Civil Procedure* § 1021.5 and other applicable law; and an award of costs.

//

//

//

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

Class Certification

1. That this action be certified as a class action;

As to the First Cause of Action
(Unpaid Minimum Wages)

1. For general unpaid wages at a rate no less than the minimum wage and such general and special damages as may be appropriate;

2. For pre-judgment interest on any unpaid minimum wage compensation from the date such amounts were due;

3. For liquidated damages in an amount equal to the wages unlawfully unpaid with interest thereon pursuant to California Labor Code § 1194.2;

4. For reasonable attorney's fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

5. For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action
(Improper Wage Statements)

1. For all actual, consequential, and incidental losses and damages, according to proof;

2. For statutory penalties pursuant to California *Labor Code* § 226(e);

3. For reasonable costs and attorneys' fees pursuant to California *Labor Code* § 226(e); and

4. For such other and further relief as the Court may deem equitable and appropriate.

//
//
//
//

### As to the Third Cause of Action
(Failure to Pay Agreed Upon Wages)

1. For all actual, consequential, and incidental losses and damages, according to proof;

2. For general unpaid wages pursuant to California Labor Code § 223 and such general and special damages as may be appropriate;

3. For pre-judgment interest on any unpaid wages;

4. For other such statutory and equitable relief as the Court may deem appropriate; and

5. For reasonable costs and attorneys' fees pursuant to California *Labor Code* § 1194(a).

### As to the Fourth Cause of Action
(Wages Not Paid Upon Termination)

1. For statutory penalties pursuant to California *Labor Code* § 203 for Plaintiff and all other Class Members who have left Defendants' employ;

2. For reasonable attorneys' fees and for costs of suit incurred herein; and

3. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action
(Unfair Competition)

1. The Disgorgement of any and all "unpaid-wages" and incidental losses, according to proof;

2. For restitution of "unpaid wages" to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

3. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California *Business & Professions Code* § 17200, *et seq.*;

4. For reasonable attorneys' fees that Plaintiff and other Class Members are entitled to recover under California *Code of Civil Procedure* § 1021.5;

5. For costs of suit incurred herein; and

6.     For such other and further relief as the Court may deem equitable and appropriate.

Dated:  October 28, 2016                    SZMANDA LAW GROUP


                                            By: /s/ Brett D. Szmanda

                                                Brett D. Szmanda (SBN 288688)
                                                18377 Beach Blvd., Ste. 211
                                                Huntington Beach, California 92648
                                                brett@szmandalaw.com
                                                Telephone: (714) 369-6861
                                                Facsimile:  (360) 851-7730
                                                brett@szmandalaw.com

                                            Attorney for Plaintiff & Class Members

1

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and on behalf of all others similarly situated, demands a trial by jury on all issues so triable.

Dated:  October 28, 2016                                          SZMANDA LAW GROUP


By: /s/ Brett D. Szmanda

Brett D. Szmanda (SBN 288688)
18377 Beach Blvd., Ste. 211
Huntington Beach, California 92648
brett@szmandalaw.com
Telephone: (714) 369-6861
Facsimile:  (360) 851-7730
brett@szmandalaw.com

Attorney for Plaintiff & Class Members